UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>JOHNSON & WALES UNIVERSITY, )<br>)<br>      Defendant )<br>) | Civil Action No. 17-cv-40151-TSH |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

### I. Introduction

This case concerns a disciplinary hearing carried out at Johnson & Wales University ("JWU") in response to allegations by a female student that the male student Plaintiff, John Doe, among other things, had not discontinued sexual activity after consent was withdrawn in 2016.

Plaintiff alleges that as a result of Defendant's faulty investigation and hearing, the Plaintiff was wrongly proclaimed to have committed sexual assault and was expelled from campus. The Plaintiff vehemently denies that any sexual assault ever occurred and further alleges that he was denied the most basic aspects of fairness and process by JWU.

Importantly, the Plaintiff's identify is not believed to be widely known on-campus or outside the campus community. Given the harm that the Plaintiff has suffered already by virtue of the nature of the charges and the determination of the University, the Plaintiff seeks to proceed here in his complaint through use of a pseudonym so as to mitigate any further damage to himself and his reputation.

## II. Factual Background

Plaintiff refers the Court to his complaint for a full recitation of the facts. The facts lay out very disturbing and tragic events that occurred against John Doe at the hands of JWU. If John Doe's name became widely publicized it would do nothing more than add to the harm that he has already suffered.

## III. Argument

This Honorable Court has the discretion to permit a litigant to proceed under a pseudonym in spite of the language of Fed. R. Civ. P. 10(a). *See Doe v. Blue Cross & Blue Shield of R.I.* 794 F. Supp. 72, 73 (D.R.I. 1992). The Plaintiff bears the burden of establishing a sufficient privacy interest that outweighs a presumption of openness in matters before the Court. *See Doe v. Bell Atlantic Bus. Sys.,* 162 F.R.D. 418, 420 (D. Mass. 1995) (*"Bell Atlantic")*; *MacInnis v. Cigna Gr. Ins. Co. of Am.,* 379 F. Supp. 89, 90 (D. Mass. 2005). Courts have previously held that privacy interests outweigh the presumption of judicial transparency in several cases involving sensitive matters, such as those involving mental illness, abortion, or sexuality issues. *See Bell Atlantic,* 162 F.R.D. at 420.

This case is one in which protection of the Plaintiff's identity is necessary and appropriate. The Plaintiff alleges substantial emotional distress, reputational damage and other harm from the finding that he committed sexual assault. Plaintiff seeks relief for the harm to his reputation that he has already endured and will continue to endure as this information is disclosed to others – as it must be whenever he shares his academic transcript branded with the words "Disciplinary Expulsion". If Plaintiff were required to proceed in this lawsuit under his given name, then he would expose himself to further harm by the process of seeking to vindicate the harm he has already endured.

It is proper to allow a plaintiff to proceed under a pseudonym where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavares,* 139 F.3d 798, 803 (10th Cir. 1998).  That is precisely the situation here.  If Plaintiff were required to disclose his name, one of the primary purposes of this lawsuit would be frustrated, a fact often cited as an overriding concern in deciding to allow a plaintiff to proceed under a pseudonym.  *See, e.g., Bell Atlantic,* 162 F.R.D. at 420.

If Plaintiff's name is made public, the harm he has already suffered will be severely magnified as the public will know he has been accused and found by the University – erroneously – to have committed sexual misconduct.  The Defendant will not be prejudiced if this case proceeds through use of a pseudonym.  The Defendant has been made aware of the true name of John Doe through pre-litigation communications.

## IV.  Conclusion

For all the reasons stated herein, the Plaintiff respectfully requests that this Honorable Court allow him to proceed in this case under a pseudonym.

Respectfully submitted,
JOHN DOE,
By his attorney,


  /s/ James P. Ehrhard_____
James P. Ehrhard, Esq., BBO #651797
Ehrhard & Associates, P.C.
250 Commercial Street, Suite 410
Worcester, MA  01608
(508) 791-8411
ehrhard@ehrhardlaw.com

Dated: December 18, 2018

## **CERTIFICATE OF SERVICE**

I, James P. Ehrhard, hereby certify that I served the above Memorandum to the following parties on today's date via U.S. Mail postage prepaid if not noted as having received copies via ECF:

Jeffrey S. Brenner, Esq., VIA ECF

Steven M. Richard, Esq., VIA ECF

/s/ James P. Ehrhard
James P. Ehrhard, Esq.

Dated: December 18, 2017